

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 21, 1971

Honorable Hugh Yantis                 Opinion No. M-891
Executive Director
Texas Water Quality Board        Re:   Power to Contract on
Austin, Texas    78701                 behalf of State of
                                       Texas for Federal
                                       grants or loans under
                                       the Federal Water
Dear Mr. Yantis:                       Pollution Control Act.

        You have asked our opinion as to the powers of Texas
Water Quality Board and of yourself as Executive Director
thereof to contract with the Federal Government.  You ask
three questions:

        1)   Based on the Water Quality Fund Program,
             does the Texas Water Quality Board, acting
             on behalf of the State of Texas and through
             its Executive Director, have the authority
             to certify and agree that the State of Texas
             will pay 25% of the estimated reasonable
             costs of all treatment works projects for
             which Federal grants are to be made under
             the Federal Water Pollution Control Act,
             the construction contracts on which are
             let on or after July 1, 1970?

        2)   Would such a certification and agreement
             of the Texas Water Quality Board be binding
             on the State of Texas?

        3)   Is the Executive Director of this agency,
             acting on behalf of and pursuant to the
             directive of the Texas Water Quality Board,
             authorized to execute such a certification
             and agreement and bind the State?

        With two exceptions, to be hereinafter discussed, all
three questions are answered in the affirmative.  Your
organic law authorizes agreements with the Federal

-4343-

Government. Section 3.25, Texas Water Quality Act;
Article 7621d-1; Section 21.087, Texas Water Code. This
law specifically relates to Texas Water Quality Board
and provides:

### Federal grants

        Sec. 3.25. The board may execute agree-
    ments with the Department of the Interior, the
    Federal Water Pollution Control Administration
    or any other federal agency that administers
    programs providing federal cooperation,
    assistance, grants, or loans for research,
    development, investigation, training, planning,
    studies, programming, and construction related
    to methods, procedures, and facilities for the
    collection, treatment, and disposal of waste
    or other water quality control activities.
    The board may accept federal funds for these
    purposes and for other purposes consistent
    with the objectives of this Act and may use
    the funds as prescribed by law or as provided
    by agreement.

        To further assure that Texas Water Quality Board can
contract with the United States Government on behalf of
the State of Texas, your attention is invited to your
further authorizations found in Section 7.12 of House
Bill 1440, Acts of the 62nd Leg., Regular Session,
effective May 14, 1971. Related authority and support
for such contracts by Texas Water Quality Board on
behalf of the State of Texas is found in Section 21.095,
of House Bill 1412, Acts of the 62nd Leg., Regular
Session, effective May 31, 1971; Section 21.095, of the
Texas Water Code. This office had already approved the
River Authority Compact plan in Opinion M-822, dated
March 30, 1971.

        In view of the foregoing discussion of the statutory
authority of your Board to contract, and after considering
the Resolution of Texas Water Quality Board dated May
20, 1971, authorizing you as Executive Director to sign
for the Texas Water Quality Board, you can bind the
State, subject to two objections to be hereinafter
discussed.

Your first question also encompasses whether the Board, or you as Executive Director thereof, may apply to the Environmental Protection Agency to certify waste water treatment works within Texas back to July 1, 1970.   Section 8, of the Federal Water Pollution Control Act specifically provides for such a procedure and we find the basic authority of your Board broad enough to contract and certify to the Federal Government such reimbursable projects as your Board find have met or can meet the Federal law.

Likewise, under Section 8(b) (7), Federal Water Pollution Control Act, we find no reasons under the broad provisions of Texas law why the percentage limitations on previous grants cannot be increased and related back to July 1, 1970.

One impediment to the contracts you mention is found in Article 9.32 of the Texas Election Code which reads in part as follows:

> "Within sixty (60) days from the date of any election upon any proposed amendment to the Constitution, and not thereafter, any citizen of this State who is a qualified voter, should have the right to contest said election by filing his petition in a district court of Travis County, fully stating his grounds for contest,..."

Senate Joint Resolution No. 17, which was adopted by the Texas electorate at an election held on May 18, 1971, added a new Section 49-d-1 to Article III of the Texas Constitution.   This is the real basis for the new proce-dures whether to obtain waste water treatment by issuance of bonds or by direct assistance contracts, and any certification to the United States Government would by law be subject to the said Article 9.32 election contest until after July 18, 1971, (60 days after the election of May 18, 1971).

Any contract with the Federal Government by Texas Water Quality Board must bear the approval of the Governor of Texas.   Art. IV, Sec. 10, Texas Constitution.   This requirement for the Texas Governor's approval is explained

in Opinion M-312, dated December 10, 1968, which sets forth a proper endorsement for the Governor.

### S U M M A R Y

Texas Water Quality Board through its Executive Director may contract for the State of Texas with the Federal Government for Federal grants or loans available under Section 8 of the Federal Water Pollution Control Act. This contractual authority is subject to the 60-day limitation contained in Article 9.32 of the Texas Election Code and to the Constitutional requirement that the Governor of Texas approve the Federal Contract.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Scott Garrison
Mike Stork
Pat Bailey
R. D. Green
Bob Flowers

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant